◼ JAMES F. CORCORAN, as Executor of MAUREEN D. MC-MULLEN, Deceased, Respondent, v PEOPLE'S AMBULETTE SERVICE, INC., et al., Appellants. [656 NYS2d 877] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, New York County (Kapnick, J.), dated September 6, 1996, which granted the

plaintiff's motion to set aside the jury verdict in favor of the defendants as against the weight of the evidence and directed a new trial. The appeal was transferred to this Court by order of the Appellate Division, First Department, entered November 27, 1996.

Ordered that the order is reversed, on the law and the facts, with costs, the plaintiff's motion is denied, and the jury verdict is reinstated.

This negligence action stems from a motor vehicle/pedestrian accident which occurred as the defendant driver attempted to parallel park an ambulette, during which the plaintiff's decedent was injured. After hearing all of the evidence and assessing the credibility of the witnesses, the jury found that the defendants were not negligent. Upon the motion of the plaintiff, the executor of the decedent's estate, the Supreme Court set aside the verdict as against the weight of the evidence and ordered a new trial. We now reverse.

It is well settled that a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see, Nicastro v Park*, 113 AD2d 129, 134). Moreover, it is for the trier of fact to make determinations as to the credibility of the witnesses (*see, Delay v Rhinehart*, 176 AD2d 1211) and great deference is accorded to the fact-finders, who had the opportunity to see and hear the witnesses (*see, Salazar v Fisher*, 147 AD2d 470).

Although the defendant driver admitted that he hit the plaintiff's decedent, the jury could have fairly determined under the circumstances presented that the defendant driver kept a reasonably vigilant lookout for pedestrians and operated the ambulette in a reasonable manner so as to try to avoid colliding with pedestrians. Inasmuch as the jury's verdict was supported by a fair interpretation of the evidence, it should not have been disturbed (*see, Buckenberger v Clark Constr. Corp.*, 208 AD2d 790; *Salazar v Fisher, supra*). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.