■ WILLIAM ANDERSON, Appellant, v MARGARET GRIMES, Respondent. [705 NYS2d 248] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), dated January 5, 1999, which, upon a jury verdict finding the defendant not at fault in the happening of the accident, and the denial of his posttrial motion pursuant to CPLR 4404 to set aside the verdict and for a new trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly denied the plaintiff's posttrial motion pursuant to CPLR 4404 to set aside the verdict and for a new trial. It is well settled that a jury's determination should not be set aside as contrary to the weight of the evidence un-

less the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Moreover, the jury's resolution of issues of credibility is entitled to great deference (*see, Voiclis v International Assn. of Machinist & Aerospace Workers,* 239 AD2d 339; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402, 403). The verdict here was based upon a fair interpretation of the evidence (*see, Voiclis v International Assn. of Machinist & Aerospace Workers, supra; Corcoran v People's Ambulette Serv., supra; Nicastro v Park,* 113 AD2d 129, 134, *supra*). Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.