■ Julia Baldwin, as Mother and Natural Guardian of Latriel Baldwin, Respondent, v City of New York et al., Appellants. [736 NYS2d 248] —In an action, inter alia, to recover damages for assault and battery involving excessive use of force, the defendants appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated March 15, 2000, which (a) reversed an order of the Civil Court, Kings County (R. Mason, J.), entered February 17, 1998, granting that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside the jury verdict as against the weight of the evidence, (b) denied the defendants' motion, and (c) reinstated the jury verdict awarding the plaintiff damages for past pain and suffering in the sum of $250,000.

Ordered that the order of the Appellate Term is modified, on the facts and as a matter of discretion, by deleting the provision thereof which, in effect, denied that branch of the defendants' motion which was to reduce the damages award as excessive, and substituting therefor a provision granting that branch of the motion to the extent of granting a new trial on the issue of damages for past pain and suffering; as so modified, the order of the Appellate Term is affirmed, without costs or disbursements, and the order of the Civil Court, Kings County, is modified accordingly, unless within 30 days after service upon the plaintiff of a copy of this decision and order the plaintiff shall file in the office of the Clerk of the Civil Court, Kings County, a written stipulation consenting to reduce

the verdict as to damages for past pain and suffering from $250,000 to $150,000, and to the entry of an appropriate judgment accordingly; in the event the plaintiff so stipulates, then the order of the Appellate Term, as so modified, is affirmed, without costs or disbursements.

The Appellate Term correctly reversed the Civil Court's order granting that branch of the defendants' motion which was to set aside the jury verdict as against the weight of the evidence. It is well settled that a jury's determination should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Moreover, the jury's resolution of issues of credibility is entitled to great deference (*see, Anderson v Grimes,* 270 AD2d 371). The verdict on liability was based upon a fair interpretation of the evidence (*see, Corcoran v People's Ambulette Serv.,* 237 AD2d 402, 403).

That branch of the defendants' motion which was to reduce the damages award should have been granted. The damages awarded by this jury deviated materially from what would be reasonable compensation to the extent indicated herein (*see,* CPLR 5501 [c]).

The defendants' remaining contentions are without merit. S. Miller, J.P., Friedmann, Adams and Cozier, JJ., concur.