■ HELEN TURNER, Respondent, v SIXTIETH STREET AUTOMOTIVE SERVICE CORP., Defendant, and 1174-1182 60TH STREET ASSOCIATES et al., Appellants. [749 NYS2d 899] —In an action to recover damages for personal injuries, the defendants 1174-1182 60th Street Associates, Realini Corp., and Anthony Zizza appeal, as limited by their brief, from so much of a judgment of

the Supreme Court, Kings County (Kramer, J.), entered June 27, 2000, as, upon a jury verdict on the issue of liability finding the plaintiff 80% at fault and them 20% at fault in the happening of the accident, and upon an order of the same court, dated May 19, 2000, granting the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury's apportionment of fault and for a new trial on the issue of liability unless the "plaintiff" stipulated to reapportion fault so that the plaintiff and they were each 50% at fault in the happening of the accident, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion is denied, so much of the jury verdict as apportioned fault in the happening of the accident is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

A jury's verdict should not be set aside as against the weight of the evidence unless it is inconsistent with a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134). Moreover, the fact-finding function of the jury and its determination of issues of credibility are accorded great deference (*see Voiclis v International Assn. of Machinist & Aerospace Workers, Suffolk Lodge No. 1470,* 239 AD2d 339; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402, 403). The jury's finding that the plaintiff was 80% at fault in the happening of the accident is not inconsistent with a fair interpretation of the evidence (*see Nicastro v Park, supra*). Consequently, the jury's verdict should not have been disturbed (*see Voiclis v International Assn. of Machinist & Aerospace Workers, Suffolk Lodge No. 1470, supra*; *Corcoran v People's Ambulette Serv., supra*; *Salazar v Fisher,* 147 AD2d 470, 472). Florio, J.P., S. Miller, Adams and Crane, JJ., concur.