■ ROBIN A. MASSONI, Respondent, v IAN COLLEY et al., Appellants. [774 NYS2d 377]—In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Westchester County (Barone, J.), entered January 27, 2003, which granted the plaintiff's motion to set aside a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by their brief, from so much of an order of the same court, entered May 5, 2003, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order entered January 27, 2003, is dismissed, as that order was superseded by the order entered May 5, 2003, made upon reargument; and it is further,

Ordered that the order entered May 5, 2003, is reversed insofar as appealed from, on the law, upon reargument, the motion is denied, the verdict is reinstated, and the order entered January 27, 2003, is vacated; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The verdict is supported by a fair interpretation of the evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). The jury was free to believe the defendants' experts and disbelieve the plaintiff's, as determinations regarding credibility are primarily for the finder of fact, which had the opportunity to see and hear the witnesses (*see Turner v Sixtieth St. Automotive Serv. Corp.,* 299 AD2d 477 [2002]; *Corcoran v People's Ambulette Serv.,* 237 AD2d 402 [1997]). The jury resolved the disputed issues of fact in favor of the defendants. As this finding is supported by the record, there is no reason to disturb the verdict (*see Savage v Snell,* 257 AD2d 794 [1999]; *Picciallo v Norchi,* 147 AD2d 540 [1989]). Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.