■ GINA FULMORE et al., Respondents-Appellants, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants-Respondents. [821 NYS2d 905]—In an action to recover damages for personal injuries, etc., (1) the defendants New York City Transit Authority and David Zollo appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Vaughan, J.), entered November 3, 2004, as, upon a jury verdict finding that the defendant David Zollo, a bus driver for the defendant New York City Transit Authority, was 70% at fault in the happening of the accident, the defendant Joseph Fontana was 20% at fault in the happening of the accident, and the infant plaintiff, Gina Fulmore, was 10% at fault in the happening of the accident, and awarding the infant plaintiff damages in the sum of $1,250,000 for past pain and suffering, is in favor of the infant plaintiff, Gina Fulmore, and against the defendant New York City Tran-

sit Authority, (2) the defendant Joseph Fontana appeals, as limited by his brief, from so much of the same judgment is in favor of the infant plaintiff, Gina Fulmore, and against him, and (3) the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same judgment as failed to award the infant plaintiff, Gina Fulmore, damages for future pain and suffering.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The verdict as to liability was based upon a fair interpretation of the evidence, and accordingly, will not be set aside as against the weight of the evidence (*see Corcoran v People's Ambulette Serv.*, 237 AD2d 402 [1997]). Furthermore, the damages awarded to the infant plaintiff for past pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The plaintiffs' contention is without merit. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.