■ DION C. IRIZARRY, III, Appellant, v RAYBERN BUS SERVICE, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Burke, J.), dated November 16, 1989, which, upon separate jury verdicts as to liability and damages, is in his favor and against the defendants in the principal sum of only $20,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted with respect to the issue of damages only, unless within 20 days after service upon the defendants of a copy of this decision and order, with notice of entry, the defendants shall serve and file with the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to increase the verdict as to the damages in the plaintiff's favor from $20,000 to $100,000 and to the entry of an amended judgment accordingly; in event the defendants so stipulate, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

On May 31, 1985, the plaintiff was involved in an automobile accident caused by the defendants' negligence, as the result of which he struck his head on the steering wheel of his vehicle. Among other injuries, the plaintiff subsequently developed a "dark spot" or scotoma in the center of the field of vision of his left eye. As part of the special verdict, the jury concluded that the injury to the plaintiff's eye was proximately caused by the automobile accident, and awarded the plaintiff $20,000 for past pain and suffering. The jury awarded the plaintiff nothing for future damages despite the fact that both the plaintiff's and defendants' experts testified that the condition of the plaintiff's eye was permanent.

Under the circumstances, we find that the verdict "deviates

materially from what would be reasonable compensation" (CPLR 5501 [c]). The plaintiff experiences headaches whenever he engages in activities such as reading or watching television for more than a brief period of time, and was required to discontinue his involvement in karate, his primary recreational activity, as a result of the injury. Therefore, a new trial on the issue of damages should be had unless the defendants are willing to stipulate to increase the verdict from $20,000 to $100,000.

We have examined the plaintiff's remaining contention and find it to be without merit. Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.