■ MARILYN MARR et al., Appellants, v ARNOLD W. FORREST et al., Respondents. [617 NYS2d 881] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered March 23, 1992, which, upon a jury verdict, (1) is against the defendants and in favor of the plaintiff Marilyn Marr in the principal sums of $110,000 for past pain and suffering and $150,000 for future pain and suffering, and (2) is against the defendants and in favor of the plaintiff Jerry Marr in the principal sums of $15,000 for past loss of services and $15,000 for future loss of services.

Ordered that the judgment is affirmed, with costs.

As a result of the defendant's failure to diagnose and treat the plaintiff Marilyn Marr, the retina of her right eye detached and she required surgery. During the months following the surgery, she experienced pain and hemorrhaging in her right eye, which impaired her vision. Subsequently, during the years following the surgery, she developed macular pucker (distorted vision caused by a pucker in the central area of the retina), a cataract, recurrent corneal erosion and glaucoma. According to the plaintiffs' experts, the subsequent conditions were complications from the retinal surgery. However, the defendants' experts testified that the corneal erosion, cataract and glaucoma were caused by a previously diagnosed condition. In any event, the conditions of macular pucker, cataract and glaucoma, which are permanent and may require future surgery, do not substantially interfere with the plaintiff's vision. With the aid of eyeglasses the vision in her right eye is 20/50 and her vision is 20/20 when using both eyes. Further, although the plaintiff experienced approximately 30 days of pain a year following the surgery as a result of her recurrent corneal erosion, she did not have an episode of corneal erosion during the three years preceding the trial. Moreover, the defendants produced evidence that in most cases recurrent corneal erosion can be corrected with a surgical procedure.

We find that, considering the nature and consequences of

the injuries sustained by the plaintiff Marilyn Marr, the awards for pain and suffering did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *cf., Irizarry v Raybern Bus Serv.,* 183 AD2d 872; *Koller v Manhattan Eye, Ear & Throat Hosp.,* 168 AD2d 671). Further, although as a result of her eye condition the plaintiff Marilyn Marr cannot participate in certain sports with her husband, the plaintiff Jerry Marr, and the couple curtails their activities to avoid smoke, which irritates Marilyn's eye, the awards for loss of services also did not deviate materially from what would be reasonable *(see,* CPLR 5501 [c]). Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.