■ BERNADETTE NUZZO, Respondent, v L.M. FEINMAN, Appellant. [631 NYS2d 399] —In an action to recover damages for personal injuries based on podiatric malpractice, the defendant appeals, as limited by his brief, on the ground of excessiveness, from so much of a judgment of the Supreme Court, Queens County (Lane, J.), dated May 17, 1993, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $750,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, who was 47 years old at the time of the surgeries, sought medical treatment from the defendant to correct a deformity of her right great toe and hammertoes on both her right and left feet. Because of the defendant's misdiagnosis and

resultant inappropriate surgeries to both of the plaintiff's feet, there was an increase in deformity in the plaintiff's right and left great toes in addition to dislocation, subluxation, and narrowing of the metatarsal and phalangeal joints of the plaintiff's lesser right and left toes, which essentially rendered the forepart of the plaintiff's feet nonfunctional.

The plaintiff testified that she could not stand for long periods of time, could not walk long distances, could only walk by shuffling her feet, and could no longer perform simple tasks without experiencing excruciating pain.

The parties' respective medical experts disagreed as to whether further surgical procedures would restore her ability to use her feet in a more normal fashion. Therefore, there was ample evidence from which the jury could conclude that further surgery would be painful and fruitless. Therefore, its implicit finding that the plaintiff's condition could not be corrected was not against the weight of the evidence. Furthermore, under the circumstances, the verdict was not excessive (see, CPLR 5501 [c]; see also, Murphy v A. Louis Shure, P. C., 156 AD2d 85). Miller, J. P., O'Brien, Ritter and Goldstein, JJ., concur.