unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35) and other crimes. Contrary to the contention of defendant, his right to confrontation was not violated by the admission of the victim's medical records in evidence. Those records fall within the business records exception to the hearsay rule (*see,* CPLR 4518 [a]; *White v Illinois,* 502 US 346, 356). Defendant further contends that County Court erred in denying his suppression motion. We disagree. Based on the totality of the circumstances, we conclude that defendant's statement was voluntarily made (*see, People v Anderson,* 42 NY2d 35, 38). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ GARY HAFNER, Appellant-Respondent, v COUNTY OF ONONDAGA et al., Respondents-Appellants. (Appeal No. 1.) [722 NYS2d 928] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—New Trial.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ GARY HAFNER, Appellant-Respondent, v COUNTY OF ONONDAGA et al., Respondents-Appellants. (Appeal No. 2.) [723 NYS2d 574] —Amended order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly granted in part defendants' motion to set aside the jury verdict but erred in the amount of its reduction of the award of $500,000 for past pain and suffering (*see,* CPLR 5501 [c]). The jury awarded plaintiff those damages after finding in his favor on causes of action based on common-law false arrest and the violation of plaintiff's rights under 42 USC § 1983. Plaintiff sustained a torn rotator cuff during the course of the arrest. Although that injury had limited the ability of plaintiff to work as a farmer and continued to cause him pain, he was able to work without corrective surgery and was able to control his pain with aspirin. In our view, an award of $150,000 for plaintiff's past pain and suffering is the maximum amount the jury could have found as a matter of law (*see, O'Connor v Papertsian,* 309 NY 465, 473). We therefore modify the amended order by providing that a new trial is granted on damages for past pain and suffering only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for past pain and suffering to $150,000, in which event the amended order is modified accordingly.