Same memorandum as in *Beeley v Spencer* ([appeal No. 5] 309 AD2d 1303 [2003]). Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.

■ TINA M. BEELEY, Individually and as Parent and Natural Guardian of LAUREN A. BEELEY, an Infant, Respondent, v VOLNEY R. SPENCER, Appellant, et al., Defendant. (Appeal No. 5.) [765 NYS2d 725] —Appeal from an amended judgment of Supreme Court, Erie County (O'Donnell, J.), entered June 18, 2002, which upon a jury verdict awarded plaintiff money damages against defendant Volney R. Spencer.

It is hereby ordered that the amended judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Volney R. Spencer in

part and setting aside the award of damages for future injury, future pain and suffering and future loss of enjoyment of life and as modified the amended judgment is affirmed without costs, and a new trial is granted on those elements of damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future injury, future pain and suffering and future loss of enjoyment of life to $500,000, in which event the amended judgment is modified accordingly and as modified the amended judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings pursuant to CPLR article 50-B.

Memorandum: James P. Beeley (Beeley), the plaintiff in action No. 2, his daughters, Lauren and Lynne, and his nieces, Erin and Lisa Cegielski, were injured when a large tractor driven by Volney R. Spencer (defendant) ran a stop sign and collided with the truck operated by Beeley in which his daughters and nieces were passengers. Beeley's wife commenced action Nos. 1 and 3, individually and on behalf of Lauren and Lynne, respectively, and the father of Lisa and Erin commenced action No. 4, individually and on their behalf. In his answer to the amended complaint in action No. 2, defendant asserted, inter alia, Beeley's culpable conduct as an affirmative defense, and he asserted two counterclaims against Beeley for contribution in the event that Lynne or Lauren, respectively, recovered from defendant. Defendant also asserted a cross claim against Beeley and another defendant in action No. 4 seeking contribution or indemnification. Beeley was a named defendant in action No. 4 at the time defendant asserted the cross claim, but the plaintiff in that action subsequently withdrew the complaint against Beeley. The cross claim with respect to Beeley was then converted to a third-party action against him. Defendant thereafter moved, inter alia, for summary judgment dismissing the complaint in action No. 4 with respect to Lisa and Erin and for a bifurcated trial with respect to action Nos. 1, 2 and 3. Beeley opposed that part of defendant's motion for a bifurcated trial and cross-moved for, inter alia, partial summary judgment dismissing defendant's affirmative defenses and the claim for contribution or indemnification. Supreme Court granted that part of defendant's motion for summary judgment dismissing the amended complaint in action No. 4 with respect to Erin only and denied those parts of Beeley's cross motion for partial summary judgment dismissing the affirmative defense of culpable conduct as well as the claim for contribution or indemnification.

Upon the close of proof at the trial of these actions, Beeley

moved for a directed verdict dismissing defendant's claim for contribution or indemnification against him on the ground that there was no evidence that he was negligent. The court granted Beeley's motion. The jury found that defendant was negligent in all four actions and awarded damages of $1,125,000 in action No. 1 (Lauren and her mother), $775,000 of which was for future injury, future pain and suffering and future loss of enjoyment of life; $250,000 in action No. 2 (Beeley); $75,000 in action No. 3 (Lynne and her mother); and $285,000 in action No. 4 (Lisa and her father). The court denied defendant's motion to set aside the verdict and for a new trial pursuant to CPLR 4404.

We note at the outset that defendant's appeal and Beeley's appeal and cross appeal from the order in appeal No. 1 must be dismissed because that order was subsumed within the final judgments and the issues raised in the appeals and cross appeal are reviewable on the appeal from the judgments (*see Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988 [1988]; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567 [1978]). In any event, we further note that the issues raised in the appeals and cross appeal are moot.

Contrary to defendant's contention, the court properly precluded defendant from presenting testimony concerning the functioning of the rear brakes of Beeley's truck in an attempt to establish that they were inoperable and were a substantial cause of the accident. Any testimony concerning the functioning of the brakes was speculative because defendant could produce no evidence that the brakes were defective. Furthermore, defendant's expert, upon whom defendant intended to rely for testimony concerning the functioning of the brakes, was an accident reconstructionist who lacked "the requisite skill, training, education, knowledge or experience" to testify concerning Beeley's brakes (*Matott v Ward,* 48 NY2d 455, 459 [1979]; *see Lessard v Caterpillar, Inc.,* 291 AD2d 825, 826 [2002], *lv denied* 98 NY2d 603 [2002]). Nor did the court err in precluding another expert witness from testifying for defendant regarding skid marks and measurements. Defendant's expert disclosure made no mention of that expert's testimony regarding skid marks and measurements (*see Cramer v Englert,* 289 AD2d 617 [2001], *lv denied* 98 NY2d 604 [2002], *rearg denied* 98 NY2d 728 [2002]).

We agree with defendant that the court erred in allowing in evidence the statements of six eyewitnesses obtained by police officers at the scene of the accident (*see Holliday v Hudson Armored Car & Courier Serv.,* 301 AD2d 392, 396 [2003]), but

we conclude that the error is harmless. Four of those eyewitnesses testified at trial, and thus defendant was afforded a full and fair opportunity to cross-examine them concerning their statements. Although the two remaining eyewitnesses did not testify at trial, their statements were merely cumulative of the statements testified to by the four other witnesses, and thus the admission of their statements must be deemed harmless error (*see generally Mohamed v Cellino & Barnes,* 300 AD2d 1116 [2002], *lv denied* 99 NY2d 510 [2003]).

In appeal No. 5, defendant contends that the amount of damages awarded in action No. 1 for Lauren's future injury, future pain and suffering and future loss of enjoyment of life deviates materially from what would be reasonable compensation. We agree (*see* CPLR 5501 [c]; *see generally Karney v Arnot-Ogden Mem. Hosp.,* 251 AD2d 780, 782 [1998], *lv dismissed* 92 NY2d 942 [1998]). In our view, an award of $500,000 for Lauren's future injury, future pain and suffering and future loss of enjoyment of life is the maximum amount the jury could have found as a matter of law (*see Valentin v City of New York,* 293 AD2d 313, 313-314 [2002]; *Donlon v City of New York,* 284 AD2d 13 [2001]; *see generally Hafner v County of Onondaga* [appeal No. 2], 278 AD2d 799 [2000]). We therefore modify the amended judgment in appeal No. 5 by granting defendant's motion in part and setting aside the award of damages for future injury, future pain and suffering and future loss of enjoyment of life, and we grant a new trial on those elements of damages only unless the plaintiff therein, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future injury, future pain and suffering and future loss of enjoyment of life to $500,000, in which event the amended judgment is modified accordingly, and the matter is remitted to Supreme Court, Erie County, for further proceedings pursuant to CPLR article 50-B.

We have considered defendant's remaining contentions and conclude that they are either unpreserved for our review or without merit. Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.