■ BRENDA AVERSA, Respondent, v STEVEN BARTLETT, Appellant. (Appeal No. 2.) [783 NYS2d 174]—

Appeal from a judgment of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered September 15, 2003. The judgment was entered upon a jury verdict in favor of plaintiff in a personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and setting aside the award of damages for future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on that element of damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future pain and suffering to $75,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: In this action by plaintiff to recover for personal injuries sustained by her as a result of being bitten in the face by defendant's dog, defendant contends that the jury's award of $100,000 for past pain and suffering and $200,000 for future pain and suffering deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *see generally*

*Yondt v Boulevard Mall Co.*, 306 AD2d 884, 885 [2003]; *Barrow-man v Niagara Mohawk Power Corp.*, 252 AD2d 946, 948 [1998], *lv denied* 92 NY2d 817 [1998]). We conclude that the award for past pain and suffering is warranted by the evidence of plaintiff's condition between the time of the bite and trial, particularly including the lacerations, bruising and swelling of plaintiff's face, the tear of the left eyelid and plaintiff's temporary inability to open the left eye, the nasal fracture and blockage and resultant temporary breathing difficulties, the sporadic and temporary double vision, and the procedures undergone by plaintiff to rectify the foregoing conditions.

We agree with defendant, however, that the award of $200,000 for future pain and suffering deviates materially from what would be reasonable compensation (*see Beeley v Spencer* [appeal No. 5], 309 AD2d 1303, 1306 [2003]; *Dombrowski v Moore*, 299 AD2d 949, 952 [2002]; *see generally Hafner v County of Onondaga* [appeal No. 2], 278 AD2d 799 [2000]). In our view, an award of $75,000 for plaintiff's future pain and suffering is the maximum amount that the jury could have awarded as a matter of law based on the evidence at trial (*see Beeley*, 309 AD2d at 1306). That evidence establishes only that plaintiff suffers from persistent numbness in her cheek and a "slight" or "mild" asymmetry in the size of the openings of her eyes, which causes her left eye (which opens wider) to "dry out more." We therefore modify the judgment by granting defendant's motion in part and setting aside the award of damages for future pain and suffering, and we grant a new trial on that element of damages only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the award of damages for future pain and suffering to $75,000, in which event the judgment is modified accordingly. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.