■ Josephine Speciale, Respondent, v Rajev Achari, Appellant. [815 NYS2d 157]—

In an action to recover damages for medical malpractice, the defendant appeals from an amended order of the Supreme Court, Kings County (Levine, J.), dated May 9, 2005, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against him on the issue of liability as against the weight of the evidence and granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and granted a new trial on the issue of damages, unless the defendant stipulated to increase the damages for past pain and suffering from the sum of $10,000 to the sum of $50,000 and for future pain and suffering from the sum of $5,000 to the sum of $150,000.

Ordered that the amended order is affirmed, with costs.

A plaintiff in a malpractice action need only offer sufficient evidence from which a reasonable person might conclude that it was more probable than not that the injury was caused by the defendant (*see Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881 [2005]; *Vona v Wank*, 302 AD2d 516 [2003]). The evidence presented by the plaintiff need not eliminate every other possible cause of the resulting injury (*see Vona v Wank, supra*). It is

for the finder of fact to determine causation once the court is satisfied that a prima facie case has been established (*see Minelli v Good Samaritan Hosp.,* 213 AD2d 705 [1995]).

"The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of evidence" (*Harris v Marlow,* 18 AD3d 608, 610 [2005] [internal quotation marks omitted]; *see Torres v Esaian,* 5 AD3d 670 [2004]). Here, it cannot be said that the jury's determination was contrary to any fair interpretation of the evidence.

Where conflicting expert testimony is presented, a jury is entitled to accept one expert's opinion and reject that of another (*see Vona v Wank, supra*). The jury's resolution of conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts (*see Soto v New York City Tr. Auth.,* 19 AD3d 579 [2005], *affd* 6 NY3d 487 [2006]; *Angrand v Stern,* 8 AD3d 218 [2004]). Here, the jury resolved the conflicting expert testimony in favor of the plaintiff's expert, finding that the defendant departed from good and accepted medical practice in the manner in which he conducted the examination of the plaintiff, and that this departure was a substantial contributing factor in causing the plaintiff's injuries. Thus the Supreme Court properly denied the defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability.

Given the permanent injuries to the plaintiff's eye, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4404 (a) and granted a new trial on the issue of damages unless the defendant stipulated to increase the awards for past pain and suffering to the sum of $50,000 and future pain and suffering to the sum of $150,000. These awards do not deviate materially from what would be reasonable compensation (*see Aversa v Bartlett,* 11 AD3d 941 [2004]; *Davis v Nassau Ophthalmic Servs.,* 232 AD2d 358 [1996]; *Marr v Forrest,* 208 AD2d 908 [1994]; *Irizarry v Raybern Bus Serv.,* 183 AD2d 872 [1992]). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.