■ NANCYE BARTHELEMY et al., Appellants-Respondents, v JOEL SPIVACK, Respondent-Appellant. [839 NYS2d 763]—In an action, inter alia, to recover damages for podiatric malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated November 30, 2005, as granted those branches of the defendant's motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict as excessive to the extent of granting a new trial on the issue of damages for future medical expenses and past and future pain and suffering unless the plaintiffs stip-

ulated to reduce the award for future medical expenses from the sum of $100,000 to the sum of $55,000, for past pain and suffering from the sum of $200,000 to the sum of $185,000, and for future pain and suffering from the sum of $300,000 to the sum of $95,000, and the defendant cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were to set aside the jury verdict in favor of the plaintiffs and against him as against the weight of the evidence and for a new trial on all issues.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof granting those branches of the defendant's motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict as excessive to the extent of granting a new trial on the issue of damages for future medical expenses and past pain and suffering unless the plaintiffs stipulated to reduce the award for future medical expenses from the sum of $100,000 to the sum of $55,000, and to reduce the award for past pain and suffering from the sum of $200,000 to the sum of $185,000, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendant's contention, the jury's verdict on the issue of liability was based on a fair interpretation of the evidence (see *Fryer v Maimonides Med. Ctr.*, 31 AD3d 604, 605 [2006]; *Speciale v Achari*, 29 AD3d 674, 675 [2006]; *Darmetta v Ginsburg*, 256 AD2d 498 [1998]). "The disputed testimony of the parties and their medical experts presented issues of credibility which were for the jury to resolve" (*Gerdik v Van Ess*, 5 AD3d 726, 727 [2004]; see *Speciale v Achari, supra; Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831, 832 [2005]). Thus, the liability verdict was not against the weight of the evidence.

Moreover, the trial court properly concluded that the jury award for future pain and suffering was excessive and providently exercised its discretion in conditionally reducing those damages to the extent indicated in the order appealed from (see CPLR 4404 [a]; *Zukowski v Gokhberg*, 31 AD3d 633, 634 [2006]). However, the court erred in conditionally reducing the jury's awards for future medical expenses and past pain and suffering, which, in light of the evidence adduced at trial, did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]).

The parties' remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Lifson, JJ., concur.