■ Marie Martine Lalanne, Respondent, et al., Plaintiff, v Nyack Hospital, Defendant, and Nicholas Klein et al., Appellants. [846 NYS2d 257]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Nicholas Klein and Anjali Thukral appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered April 19, 2006, which, upon a jury verdict and upon an order of the same court entered September 30, 2006, denying their motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law, or alternatively, to set aside the jury verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff Marie Martine Lalanne and against them in the sum of $803,101.41, representing the total net present value of the verdict plus interest from the date of the verdict.

Ordered that the judgment is affirmed, with costs.

The defendants Nicholas Klein and Anjali Thukral (hereinafter the defendants) performed a hysterectomy on the plaintiff Marie Martine Lalanne (hereinafter the plaintiff) on October 31, 2000. Three days later, the plaintiff complained of numbness in her left leg, and was ultimately unable to walk without the assistance of a cane. Although a physical therapist and a neurologist examined the plaintiff while she was in the hospital, the defendants were unable to determine the nature or cause of the plaintiff's leg injury.

The plaintiffs commenced this malpractice action alleging, inter alia, that the defendants improperly placed a self-retaining retractor during the surgery that exerted pressure on the plaintiff's left femoral nerve, damaging the nerve and causing her injuries. The retractor is a surgical device that is used to expand the abdominal cavity during a hysterectomy. At trial, the defendants testified that they inserted the symmetrical device together, with Dr. Thukral working on the left side and Dr. Klein on the right.

The plaintiff presented the testimony of an expert neurologist

who said she suffered damage of the left femoral nerve, which occurred at the time of the surgery. The plaintiff also presented the testimony of an expert obstetrician/gynecologist who stated that the only way such an injury could occur during a hysterectomy was if the doctors improperly placed the retractor so that it impinged on the muscle where the femoral nerve runs. The expert opined that the plaintiff's injuries resulted from the improper placement of the retractor, which was "below the standard of care."

At the precharge conference, both the plaintiff's attorney and the defendants' attorney requested that the defendants be listed separately on the verdict sheet. The court denied the requests, noting that both parties advanced on a theory that the procedure was performed in unison by the defendants, and so there could be no apportionment of liability between them. The jury was asked whether the "defendants Nicholas Klein, M.D. and/or Anjali Thukral, M.D. depart [ed] from good and accepted medical practice in improperly placing the retractor while performing surgery upon plaintiff Marie Martine Lalanne." The jury answered affirmatively and awarded the plaintiff damages. The court entered judgment accordingly, after denying the defendants' motion pursuant to CPLR 4404 to set aside the jury verdict and for judgment as a matter of law, or alternatively, to set aside the jury verdict as against the weight of the evidence and for a new trial.

The Supreme Court correctly denied the request to list the defendants separately on the verdict sheet since both parties submitted that the retractor was placed at the same time by the defendants. There was no evidence presented at trial to support an apportionment of fault between the defendants, and neither defendant sought contribution from the other. Moreover, the court correctly denied the defendants' motion pursuant to CPLR 4404 to set aside the jury verdict. There was sufficient evidence from which a reasonable person could conclude that it was more probable than not that the plaintiff's injury was caused by the improper placement of the retractor (*see Speciale v Achari*, 29 AD3d 674 [2006]; *Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 883 [2005]). Furthermore, the jury was entitled to credit the testimony of the plaintiffs' experts over that of the defendants' experts. Its verdict, based on a fair interpretation of the evidence, was not against the weight of the evidence (*see Speciale v Achari*, 29 AD3d at 675; *see also Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520, 521 [2007]). Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.