■ VALERIE GROELL, as Parent and Natural Guardian of FRANK GROELL, JR., a Minor, Appellant, v RITA T. GROELL, Defendant, and FRANK GROELL, SR., Respondent. [876 NYS2d 918]—

Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered April 30, 2008 in a personal injury action. The default judgment awarded plaintiff money damages against defendant Frank Groell, Sr. following an inquest on damages.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by increasing the award of damages for past pain and suffering to $100,000 and by awarding $50,000 for future pain and suffering and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action on behalf of her son seeking damages for injuries sustained by him when he was bitten in the face by a dog owned by his father, Frank Groell, Sr. (defendant). After defendant defaulted, Supreme Court conducted an inquest on damages and directed the entry of a default judgment against defendant in the amount of $60,000. We agree with plaintiff that the award deviates materially from what would be reasonable compensation (see generally CPLR 5501 [c]). Plaintiff's son was falling asleep when he was attacked by the dog, which placed its lower jaw into the mouth of plaintiff's son and locked its upper jaw onto the bridge of the son's nose. Plaintiff's son received over 40 stitches and has a 3.5-centimeter to 4-centimeter permanent scar that cannot be fully corrected by plastic surgery. Plaintiff's son described the pain as excruciating and, at the time of the inquest on damages, continued to experience pain in damp weather and in connection with certain facial movements. Plaintiff's son also chipped a tooth as a result of the attack, and he has become socially withdrawn as a result of his permanent scar. We conclude that the award of damages should be increased to $100,000 for past pain and suffering and that $50,000 should be awarded for future pain and suffering, and we therefore modify the judgment accordingly (see Aversa v Bartlett, 11 AD3d 941 [2004]; Olsen v City of Schenectady, 214 AD2d 869 [1995]; Shurgan v Tedesco, 179 AD2d 805 [1992]). Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.