■ PATRICIA R. WALTER, Appellant, v RICHARD A. MATANO, Respondent. [916 NYS2d 793]—

In an action to recover damages for wrongful death and medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated August 6, 2009, which, upon a jury verdict finding that the defendant did not depart from good and accepted medical practice, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages, inter alia, for medical malpractice against the decedent's vascular surgeon, the defendant Richard A. Matano, alleging, among other things, that Dr. Matano departed from good and accepted medical practice by failing to correctly diagnose and treat an alleged postoperative infection. Following a jury verdict in favor of the defendant on the issue of liability, the plaintiff moved to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion and entered a judgment in favor of the defendant and against the plaintiff dismissing the complaint. We affirm.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Mancusi v Setzen*, 73 AD3d 992, 993 [2010]; *Speciale v Achari*, 29 AD3d 674, 675 [2006]; *Nicastro v Park*, 113 AD3d 129, 133-134 [1985]). "The jury's resolution of conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe

and hear the experts" (*Speciale v Achari*, 29 AD3d at 675; *see Johnson v Jacobowitz*, 65 AD3d 610, 613 [2009]; *Steginsky v Gross*, 46 AD3d 671, 672 [2007]; *Ross v Mandeville*, 45 AD3d 755, 757 [2007]; *Lalanne v Nyack Hosp.*, 45 AD3d 645, 646 [2007]; *Clarke v Limone*, 40 AD3d 571, 572 [2007]; *Vona v Wank*, 302 AD2d 516, 517 [2003]). Here, the jury's determination that Dr. Matano did not depart from good and accepted medical practice by failing to diagnose and appropriately treat an alleged postoperative infection was based upon a fair interpretation of the evidence presented at trial and, thus, should not be disturbed (*see Lolik v Big V Supermarkets*, 86 NY2d at 746; *Mancusi v Setzen*, 73 AD3d at 993; *Speciale v Achari*, 29 AD3d at 675; *Nicastro v Park*, 113 AD2d at 133-134).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Sgroi and Miller, JJ., concur.