■ AYSHA SIDDIQUA, Respondent-Appellant, v JAMES J. ANARELLA et al., Defendants, and JOHN A. DEBELLO, Appellant-Respondent. [991 NYS2d 355]—

In an action to recover damages for podiatric malpractice, the defendant John A. DeBello appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 4, 2012, as denied those branches of his motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against him on the issues of liability and damages and for judgment as a matter of law or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, and granted that branch of his motion which was to set aside the jury verdict on the issue of damages as excessive only to the extent of granting a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulated to reduce the award for future pain and suffering from $750,000 to $450,000, and the plaintiff cross-appeals from so much of the same order as denied her cross motion for additur with respect to the jury verdict awarding damages for past pain and suffering.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The standard on a defendant's motion to set aside a verdict pursuant to CPLR 4404 (a) as a matter of law is whether the jury could find for the plaintiff by any rational process. In this analysis, the evidence in favor of the plaintiff must be accepted as true and the plaintiff given every favorable inference that can reasonably be drawn therefrom (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the evidence so preponderates in favor of the losing party that the verdict could not have been reached on any fair interpretation of the evidence (*see* CPLR 4404 [a]; *Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). It is for the jury to determine the credibility of witnesses and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (*see Barthelemy v Spivack*, 41 AD3d 398 [2007]). Where conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert (*see id.*; *Nuzzo v Feinman*, 219 AD2d 624 [1995]).

Contrary to the defendant's contention, there was a rational process by which the jury could have found in favor of the plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Moreover, the jury verdict on the issue of liability was based on a fair interpretation of the evidence and was not contrary to the weight of the evidence (*see Barthelemy v Spivack*, 41 AD3d 398 [2007]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The defendant's contentions that the Supreme Court should have set aside the award for past pain and suffering, and further reduced the award for future pain and suffering are without merit (*see Nuzzo v Feinman*, 219 AD2d 624 [1995]; *Murphy v A. Louis Shure, P.C.*, 156 AD2d 85 [1990]). The plaintiff's contention raised on the cross appeal is without merit. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.