■ CYNTHIA ROBINSON, Appellant, v NICHOLAS LIMONCELLI et al., Defendants, and EVERLAST SIGN AND SERVICE, INC., Respondent. [7 NYS3d 202]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Silber, J.), entered December 18, 2013, which, upon the granting of the motion of the defendant Everlast Sign and Service, Inc., pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence on the issue of liability, is in favor of the defendant Everlast Sign and Service, Inc., and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured on residential property when she slipped on a fallen, snow-covered sign, advertising the property for sale. The sign had been erected by the defendant Everlast Sign and Service, Inc. (hereinafter Everlast), approximately seven months prior to the subject accident. Everlast had been hired to erect the subject sign by a real estate agent. When Everlast came to the property to repair the sign after the accident, the bottom portion of the "s-hooks" used to attach the sign to a post were open. The evidence adduced at trial demonstrated that the "s-hooks" could only be opened by use of pliers.

The plaintiff commenced the instant action to recover damages for personal injuries. After the close of evidence on the issue of liability in the ensuing jury trial, Everlast moved pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court granted the motion.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Siddiqua v Anarella*, 120 AD3d 793 [2014]). "In considering such a motion, the evidence must be construed in the light most favorable to the nonmoving party, and the motion should not be granted where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question" (*Cathey v Gartner*, 15 AD3d 435, 436 [2005]; *see Clarke v Phillips*, 112 AD3d 872 [2013]).

" '[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Bono v Halben's Tire City, Inc.*, 84 AD3d 1137, 1139 [2011]). The Court of Appeals has recognized three exceptions to this rule (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257), only one of which is pertinent to this case. Under that exception, a party who enters into a contract to render services may be liable in tort to a third party "where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]).

Here, there was no rational process by which the jury could have found that Everlast launched a force or instrument of harm (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142). In that respect, there was no direct evidence that Everlast was negligent in installing the sign seven months before the accident. Further, there was no rational process by which the jury could have found in favor of the plaintiff based upon circumstantial evidence, since the plaintiff failed, as a matter of law, to demonstrate that it was "more likely or more reasonable that the alleged injury was caused by the defendant's negligence than by some other agency" (*Gayle v City of New York*, 92 NY2d 936, 937 [1998] [internal quotation marks and citations omitted]; *see Grob v Kings Realty Assoc.*, 4 AD3d 394, 395 [2004]).

Accordingly, the Supreme Court properly granted Everlast's motion pursuant to CPLR 4401 for judgment as a matter of law. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.