■ MARIE PASQUALE et al., Respondents, v MICHAEL C. MILLER et al., Appellants, et al., Defendant. [599 NYS2d 58] —In an action to recover damages for dental malpractice, the defendants Michael C. Miller and Elliot B. Siegel separately appeal from a judgment of the Supreme Court, Queens County (Smith, J.), entered June 25, 1990, which, upon a jury verdict, is in favor of the plaintiff Marie Pasquale and against them in the principal sum of $600,000, and is in favor of the plaintiff Luigi Pasquale and against them in the principal sum of $100,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiff Marie Pasquale shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to her damages to the principal sum of $60,000, and to the entry of an amended judgment accordingly, and the plaintiff Luigi Pasquale shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to his damages to the principal sum of $10,000, and to the entry of an amended judgment accordingly; and it is further,

Ordered that in the event the plaintiff Marie Pasquale so stipulates, then the judgment as to her, as so modified and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that in the event the plaintiff Luigi Pasquale so stipulates, then the judgment as to him, as so modified and amended, is affirmed, without costs or disbursements.

On March 22, 1986, at the office of the defendant Elliot B. Siegal, the plaintiff Marie Pasquale was treated by the defendant Michael C. Miller, a dentist, for her swollen and inflamed gums. Dr. Miller removed tissue from her gums and used sutures to control the bleeding. There is no dispute that Dr. Miller did not administer any antibiotics to Pasquale before or

after this procedure. The following May, after experiencing persistent fever, Pasquale was diagnosed as having subacute bacterial endocarditis and was hospitalized for almost a month. The plaintiffs commenced this malpractice action, alleging that the endocarditis was caused by Dr. Miller's failure to administer antibiotics during the procedure on March 22, 1986.

At the trial, the plaintiffs submitted expert testimony that Dr. Miller's failure to prescribe antibiotics before and after the procedure on March 22 constituted a departure from good and accepted dental and oral surgical practices. The defendants contend that the jury's verdict on liability should be set aside as the plaintiffs failed to prove that this alleged departure from good and accepted practices caused the endocarditis.

We find that the plaintiffs offered sufficient proof on the issue of causation to warrant submitting the case to the jury. A plaintiff is required to offer sufficient evidence from which a reasonable person may conclude that it is more probable than not that the injury was caused by the defendant, and the evidence need not eliminate every other possible cause (see, Scariati v St. John's Queens Hosp., 172 AD2d 817, 819; Kennedy v Peninsula Hosp. Ctr., 135 AD2d 788, 792). The plaintiffs offered expert testimony that the cause of Pasquale's endocarditis was related to the dental surgery, that one of the risks of failing to prescribe antibiotics before and after the dental procedure was that bacteria would flow throughout the bloodstream to the heart, that the sutures placed in Pasquale's mouth during the procedure provided access for bacteria to enter the bloodstream, and that Pasquale sustained heart damage as a result of the failure to prescribe antibiotic therapy. Moreover, we find that the verdict was not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129), as the jury was entitled to reject the evidence offered by the defendants regarding other possible causes of Pasquale's endocarditis.

Considering the nature of Pasquale's illness, the extent to which she was able to return to her normal activities following her hospitalization, and the evidence regarding any lingering effects of the illness, we find that the damages were excessive to the extent indicated because they deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]). An award of $60,000 to the plaintiff Marie Pasquale, consisting of $50,000 for past pain and suffering and $10,000 for future pain and suffering, and of $10,000 to the plaintiff Luigi Pasquale for loss of services is appropriate.

We have reviewed the defendants' remaining contentions and find them to be without merit. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.