■ DOMINIC MINELLI, Appellant, v GOOD SAMARITAN HOSPITAL et al., Respondents. [624 NYS2d 452] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered February 22, 1993, which upon, granting the defendants' motion pursuant to CPLR 4401 for judgment during trial dismissing the complaint for failure to establish a prima facie case, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the defendants' motion is denied, and a new trial is granted, with costs to abide the event.

On February 25, 1985, the plaintiff was admitted to the defendant Good Samaritan Hospital because he was suffering from severe headaches. The defendant Dr. Anthony Guida, a family practitioner, examined the plaintiff and ordered an emergency CAT scan. The following day, the defendant Dr. Norman Chernik, a neurologist, examined the plaintiff and diagnosed him as having a brain tumor. Over the course of the next two days, the defendants treated the plaintiff for a tumor by prescribing, *inter alia,* Mannitol to reduce brain swelling and radiation therapy.

On March 1, 1985, the plaintiff was transferred to the

University Hospital at Stony Brook and admitted to the neurosurgery service there. On March 2, 1985, Dr. George Tyson, a neurosurgeon, operated on the plaintiff and diagnosed him as having an abscess. Dr. Tyson removed as much of the infected tissue as possible and, after the operation, prescribed antibiotics. The plaintiff currently suffers from an organic brain syndrome.

At trial, Dr. Tyson testified for the plaintiff that the defendants' failure to obtain a neurosurgical consultation, the defendants' prescription of a large dose of Mannitol, the defendants' failure to monitor the plaintiff's sodium level and kidney function, and the defendants' prescription of radiation therapy were departures from good and acceptable medical practices. Dr. Tyson also testified that these departures aggravated the plaintiff's brain swelling and allowed the abscess to cause more injury to the plaintiff's brain than it otherwise would have caused. Dr. Tyson further testified that, because of the defendants' departures from good and accepted medical practices, the plaintiff required a radical operation that enhanced the permanency of his brain's malfunction.

At the end of the plaintiff's case, the Supreme Court granted the defendants' motion for judgment as a matter law on the ground that the plaintiff had failed to establish that the defendants had proximately caused his injuries.

It is for the finder of fact to determine causation once the court is satisfied that a prima facie case has been established (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 517; Mortensen v Memorial Hosp., 105 AD2d 151). When considering whether the plaintiff has established a prima facie case, the evidence must be viewed in the light most favorable to the plaintiff and all issues of credibility must be resolved in the plaintiff's favor (see, Colozzo v LoVece, 144 AD2d 617, 618). In a medical malpractice case in which causation is almost always a difficult issue, a plaintiff need do no more than offer sufficient evidence from which a reasonable person might conclude that it is more probable than not that the injury was caused by the defendant (see, Hughes v New York Hosp.-Cornell Med. Ctr., 195 AD2d 442).

The Supreme Court erred by granting the defendants' motion for judgment as a matter of law. The plaintiff offered sufficient proof on the issue of causation to warrant submitting that issue to the jury (see, Scariati v St. John's Queens Hosp., 172 AD2d 817). Based on the evidence in the record, the jury could have reasonably concluded that, but for the defen-

dants' departures from good and accepted medical practices, the plaintiff's injuries would have been less severe than they were *(see, Hughes v New York Hosp.-Cornell Med. Ctr., supra).* Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.