■ Lucia Falotico, Respondent, v Stanley Frankel, Appellant. [648 NYS2d 1004] —In an action, *inter alia,* to recover damages for dental malpractice, the defendant appeals from a judgment of the Supreme Court, Westchester County (Burrows, J.), entered March 7, 1995, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $175,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On April 9, 1992, the plaintiff sought treatment from the defendant for a toothache. The defendant diagnosed the plaintiff as having an abscess in her upper left second molar and informed the plaintiff that she could either have root canal surgery or an extraction. The plaintiff chose to have the tooth extracted. The defendant gave the plaintiff Novocaine and performed the extraction. A large portion of bone was attached to the tooth when it was removed.

At trial, the plaintiff's expert testified that the defendant failed to inform the plaintiff of the risks associated with an extraction and that the defendant committed various departures from accepted dental practice. The jury found that a reasonably prudent person in the plaintiff's position would have consented to the extraction if provided with the appropriate information. The jury also found that the defendant departed from accepted dental practice and that the dental procedure was a substantial factor in causing the plaintiff's injury. The jury awarded the plaintiff $175,000 for past and future pain and suffering. We reverse.

To establish a prima facie case of dental malpractice, the plaintiff must show a departure from the accepted standard of dental practice, and that such a departure was a proximate cause of the plaintiff's injuries *(see, Minelli v Good Samaritan Hosp.,* 213 AD2d 705; *Newman v Shipper,* 198 AD2d 129; *Hughes v New York Hosp.-Cornell Med. Ctr.,* 195 AD2d 442). Here, although the plaintiff's expert testified as to various departures, he failed to establish how these departures resulted in the plaintiff's injuries. Accordingly, the plaintiff failed to establish a prima facie case of dental malpractice *(see, DeCicco v Roberts,* 202 AD2d 165). Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.