■ RICHARD PARTEN et al., Appellants, v CHERYL LYNN AUTO PARTS, LTD., Defendant, and DOUGLAS BATTERY MANUFACTURING Co. et al., Respondents. [668 NYS2d 907] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (O'Brien, J.), dated December 12, 1996, as upon the granting of the applications of the respondents Douglas Battery Manufacturing Co., Richardson Battery Parts, and Witco Chemical Corporation to set aside the jury verdict to the extent that it is in favor of the plaintiffs

and against them on the issue of liability, dismissed the complaint insofar as it is asserted against the respondents.

Ordered that the judgment is reversed insofar as appealed from, on the law, the respondents' applications are granted to the extent that the jury verdict in favor of the plaintiffs and against the respondents is set aside as against the weight of the evidence, the complaint is reinstated insofar as it is asserted against them, and a new trial is granted against the respondents on the issue of liability, with costs to abide the event.

Following the submission to the jury of the plaintiffs' strict products liability claim, the jury returned a liability verdict which apportioned fault among the injured plaintiff and the respondents. The Supreme Court subsequently granted the applications of the respondents to set aside the verdict and dismissed the complaint insofar as asserted against them.

We agree with the plaintiffs that the evidence presented in support of their case was not insufficient as a matter of law so as to warrant dismissal of the complaint insofar as asserted against the respondents. Indeed, it cannot be said in this case that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499). Rather, viewed in the light most favorable to the plaintiff, the evidence is such that it was not utterly irrational for the jury to have reached the conclusion that the subject product was defectively manufactured (*see generally, Cohen v Hallmark Cards, supra; Jastrzebski v North Shore School Dist.,* 223 AD2d 677, *affd* 88 NY2d 946).

However, we find that the verdict in favor of the plaintiffs and against the respondents was against the weight of the evidence, and that the respondents' applications should have been granted to this extent. In view of the fact that the evidence in favor of the respondents was particularly strong compared to the evidence in favor of the plaintiffs, the jury could not have reached the conclusion it did upon any fair interpretation of the evidence presented (*see, Nicastro v Park,* 113 AD2d 129). Accordingly, the respondents are granted a new trial on the issue of liability, since a determination setting aside a jury verdict as against the weight of the evidence "results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury" (*Nicastro v Park, supra,* at 133; *Cohen v Hallmark Cards, supra,* at 498). Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.