■ JAMES V. HOLTON, as Executor of ELBERT E. MUEHL, Deceased, Appellant, v SPRAIN BROOK MANOR NURSING HOME et al., Respondents. [678 NYS2d 503] —In an action, *inter alia*, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered October 6, 1997, which denied his motion to reargue the motion of the defendants Sprain Brook Manor Nursing Home, Brook Nevins, and Henry J. Lefkowits, to dismiss the complaint for failure to make out a prima facie case, which motion was granted by the court at the close of the plaintiff's case, and (2) a judgment of the same court, entered October 8, 1997, which is in favor of the defendants and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

"The requisite elements of proof in a medical malpractice [action] are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage" (*Amsler v Verrilli,* 119 AD2d 786; *see, Bloom v City of New York,* 202 AD2d 465). In a medical malpractice action, where causation is often a difficult issue, a plaintiff need do no more than offer sufficient evidence from which a reasonable person might conclude that it was more probable than not that the injury was caused by the defendant (*see, Minelli v Good Samaritan Hosp.,* 213 AD2d 705, 706; *Hughes v New York Hosp.—Cornell Med. Ctr.,* 195 AD2d 442, 443). Evidence of a difference of opinion among physicians does not provide an adequate basis for a prima facie case of malpractice (*see, Topel v Long Is. Jewish Med. Ctr.,* 55 NY2d 682, 684; *Mohan v Westchester County Med. Ctr.,* 145 AD2d 474, 475; *Krapivka v Maimonides Med. Ctr.,* 119 AD2d 801). Contrary to the appellant's contentions, he failed to establish a prima facie case of medical malpractice against the respondents.

The court properly dismissed the appellant's breach of

contract cause of action against the respondent Sprain Brook Manor Nursing Home because it is the same as the appellant's malpractice cause of action (*see, Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576; *see also, Mitchell v Spataro,* 89 AD2d 599).

· The appellant's remaining contentions are without merit. Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.