■ KEVIN R. HEALY, an Infant, by His Parent and Natural Guardian, PATRICIA HEALY, et al., Appellants, v IRA J. SPECTOR, Respondent. [731 NYS2d 740] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Winick, J.), entered June 29, 2000, which, after a nonjury trial, and upon granting the defendant's motion pursuant to CPLR 4401 made at the close of the plaintiffs' case to dismiss the complaint for failure to establish a prima facie case, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

When considering whether a plaintiff has established a prima facie case, the evidence must be viewed in the light most favorable to the plaintiff and all issues of credibility must be resolved in the plaintiff's favor. In a medical malpractice case, a plaintiff must offer sufficient evidence from which a reasonable person may conclude that it is more probable than not that the injury was caused by the defendant (*see, Minelli v Good Samaritan Hosp.,* 213 AD2d 705).

The plaintiffs' experts admitted that there was no way of knowing when the injury occurred to the infant plaintiff, and that it could have occurred before the defendant's treatment. Thus, the evidence was insufficient for a reasonable person to conclude that it was more probable than not that the injury was caused by the defendant. Any such finding would be based on speculation (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Minelli v Good Samaritan Hosp., supra*). S. Miller, J. P., Smith, Crane and Cozier, JJ., concur.