■ PRUDENCE VONA, Respondent, v DAVID M. WANK et al., Appellants. [755 NYS2d 261] —In an action to recover damages for dental malpractice, the defendants appeal from a judgment of the Supreme Court, Nassau County (Davis, J.), dated September 27, 2001, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $250,000.

Ordered that the judgment is affirmed, with costs.

To establish a prima facie case of dental malpractice, the plaintiff was required to show a deviation or departure from accepted practice, and that such departure was a proximate cause of her injury (*see Holton v Sprain Brook Manor Nursing Home*, 253 AD2d 852 [1998]; *Falotico v Frankel*, 232 AD2d 607 [1996]). In a malpractice action, a plaintiff need only offer sufficient evidence from which a reasonable person may conclude that it was more probable than not that the injury was caused by the defendant (*see Healy v Spector*, 287 AD2d 541 [2001]; *Holton v Sprain Brook Manor Nursing Home, supra* at 852), and the evidence presented by the plaintiff "need not eliminate every other possible cause" of the resulting injury (*Pasquale v Miller*, 194 AD2d 597, 598 [1993]; *see Scariati v St. John's Queens Hosp.*, 172 AD2d 817 [1991]).

The jury determination that the defendant David M. Wank committed dental malpractice was supported by legally sufficient evidence, since there was a valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]).

In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Baldwin v City of New York,* 290 AD2d 465, 466 [2002]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). In making such a determination, great deference must be afforded to the fact-finding function of the jury, which had an opportunity to see and hear the witnesses (*see Aprea v Franco,* 292 AD2d 478, 479 [2002]; *Cicalese v Caruana,* 274 AD2d 540, 541 [2000]). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of the other (*see Fernandez v Continental Airlines,* 251 AD2d 369, 370 [1998]; *Ventriglio v Active Airport Serv.,* 234 AD2d 451, 453 [1996]; *Burgos v Lovell Realty,* 229 AD2d 558, 559 [1996]). Contrary to the defendants' contentions, the verdict was supported by a fair interpretation of the evidence (*see Nicastro v Park, supra* at 129).

We also find that the award of damages did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Altman, J.P., Florio, H. Miller and Adams, JJ., concur.