■ MATTHEW VITO, Appellant, v NORTH MEDICAL FAMILY PHYSICIANS, P.C., et al., Respondents. [791 NYS2d 797]—

Appeal from a judgment of the Supreme Court, Onondaga County (Thomas J. Murphy, J.), entered December 15, 2003 in an action to recover damages for medical malpractice. The judgment granted defendants' motion for a directed verdict at the close of plaintiff's proof.

It is hereby ordered that the judgment so appealed from be and the same hereby is reversed on the law with costs, the motion is denied, the complaint is reinstated and a new trial is granted in accordance with the following memorandum: Plaintiff commenced this medical malpractice action alleging that defendants were negligent in various aspects of their treatment of his lower back injury. We agree with plaintiff's contention that Supreme Court erred in granting defendants' motion for a directed verdict at the close of plaintiff's proof. Plaintiff established through expert testimony that the failure of defendant Louis Bonavita, Jr., M.D. to refer him to a specialist from 1996 to 2000 was a departure from good medical practice and that the longer a herniation exists, the worse the prognosis. Plaintiff also established that Dr. Bonavita negligently prescribed narcotics and failed to keep proper records, which led to plaintiff's addiction and subsequent withdrawal. Plaintiff's expert testified that Dr. Bonavita's record keeping deviated from acceptable medical care because it is unclear what narcotics plaintiff was prescribed from 1996 to 2000. Based on his review of plaintiff's medical records, the expert further opined that plaintiff suffered from an addiction to Oxycontin. Plaintiff sought treatment from a hospital emergency room for withdrawal symptoms due to his use of that narcotic, and Dr. Bonavita's notes reveal that plaintiff complained to defendants that he had withdrawal symptoms. Upon viewing the evidence in the light most favorable to plaintiff, we conclude that there is a rational process by which the jury could have found that Dr. Bonavita was negligent in failing to refer plaintiff to a specialist to determine the cause of his pain after 1996, in failing to keep proper business records and in prescribing and continuing plaintiff on Oxycontin, and that negligence caused plaintiff's damages (see generally Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). We therefore reverse the judgment, deny defendants' motion for a directed verdict, reinstate the complaint, and grant a new trial before a different justice.

All concur except Hurlbutt, J.P., and Smith, J., who dissent in part and vote to modify in accordance with the following memorandum.

Hurlbutt, J.P., and Smith, J. (dissenting in part). We respectfully dissent in part. The majority concludes that Supreme

Court erred in granting in its entirety defendants' CPLR 4401 motion for a directed verdict at the close of plaintiff's proof. In our view, however, the court properly granted that part of defendants' motion with respect to plaintiff's claim of malpractice based on the failure of defendant Louis Bonavita, Jr., M.D. to refer plaintiff to a specialist between the years 1996 and 2000. Plaintiff's expert medical witness testified that Dr. Bonavita "deviated from the prevailing standard of care" because, inter alia, he did not "timely refer [plaintiff] to a specialist for further evaluation," and he further testified that plaintiff's "outcome would have been much better if it was more of a timely referral." On cross-examination, however, plaintiff's expert medical witness admitted that he could "only speculate" whether plaintiff needed or would have undergone surgery had he been referred to a specialist between the years 1996 and 2000, and he could likewise "only speculate" what the outcome of such surgery would have been. Viewed in the light most favorable to plaintiff, the nonmoving party, that testimony does not provide "any rational basis upon which a jury could have found for the plaintiff" with respect to Dr. Bonavita's failure to refer him to a specialist between the years 1996 and 2000 (*Godlewska v Niznikiewicz*, 8 AD3d 430, 431 [2004]). Indeed, such a finding would be purely speculative (*see id.*; *Giambona v Stein*, 265 AD2d 775, 776 [1999]; *cf. Provost v Hassam*, 256 AD2d 875, 878-879 [1998]; *Minelli v Good Samaritan Hosp.*, 213 AD2d 705, 706-707 [1995]; *see generally Sawczyn v Red Roof Inns, Inc.*, 15 AD3d 851 [2005]; *Healy v Spector*, 287 AD2d 541 [2001]).

We agree with the majority, however, that the court erred in granting that part of defendants' motion with respect to the claim that Dr. Bonavita was negligent in causing plaintiff to become addicted to Oxycontin. As the court properly concluded, there is no evidence that inadequate record keeping was a cause of injury to plaintiff, and we therefore cannot agree with the majority that there is a rational process by which the jury could have found that Dr. Bonavita was negligent "in failing to keep proper business records." Nevertheless, the expert opinion testimony concerning record keeping properly would have been considered by the jury in connection with the claim of plaintiff that Dr. Bonavita negligently caused him to become addicted to Oxycontin. Contrary to the court's further conclusion, plaintiff adduced sufficient evidence to withstand that part of the motion to dismiss with respect to the claim that he had become addicted to Oxycontin and had sustained a compensable injury as a result thereof.

We therefore would modify the judgment by denying defen-

dants' motion in part and reinstating the complaint with respect to the claim that Dr. Bonavita negligently caused plaintiff to become addicted to Oxycontin, and we would grant a new trial on that claim only. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.