■ JAMES BONASERA, Respondent, v TOWN OF ISLIP, Defendant and Third-Party Plaintiff-Appellant. JUAN MEDRANO et al., Third-Party Defendants-Appellants. [797 NYS2d 122]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff Town of Islip appeals (1), by permission, from an order of the Supreme Court, Suffolk County (Catterson, J.), dated May 17, 2004, which, upon the plaintiff's motion, inter alia, pursuant to CPLR 4404 to set aside a jury verdict on the issue of liability in its favor and for judgment as

a matter of law, sua sponte, declared a mistrial pursuant to Judiciary Law § 21, and directed that the matter be reassigned to another justice, and (2), as limited by its brief, from so much of an order of the same court (Burke, J.), dated September 22, 2004, as, in effect, denied its motion to vacate the order dated May 17, 2004, and to have the trial judge decide the plaintiff's motion pursuant to CPLR 4404, or alternatively, to have the motion decided by a justice of coordinate jurisdiction, and the third-party defendants Juan Medrano and Affatato Paving separately appeal, as limited by their briefs, from so much of the order dated September 22, 2004, as, in effect, denied their respective motions for the same relief.

Ordered that the order dated May 17, 2004, is reversed, on the law, the verdict is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, to determine the plaintiff's motion, inter alia, pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability in favor of the defendant third-party plaintiff Town of Islip and for judgment as a matter of law, and the order dated September 22, 2004, is modified accordingly; and it is further,

Ordered that the appeals from the order dated September 22, 2004, are dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the appellants.

A trial in this personal injury action resulted in a verdict on the issue of liability in favor of the defendant third-party plaintiff Town of Islip. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 4404, to set aside the jury verdict on the issue of liability and for judgment as a matter of law. The Town and the third-party defendants-appellants Juan Medrano and Affatato Paving (hereinafter Affatato) opposed the plaintiff's motion. The motion was submitted to the trial court, without argument, on September 2, 2003. By May 17, 2004, the motion had not been decided, and the trial judge, who, in the interim, was designated as an associate justice of the Appellate Division, First Department, issued an order on that date, sua sponte, declaring a mistrial pursuant to Judiciary Law § 21, and directing that the matter be reassigned to another justice.

The Town, Medrano, and Affatato then separately moved to vacate the order dated May 17, 2004, and to have the plaintiff's motion decided by the trial judge, or alternatively, by another justice of coordinate jurisdiction. By order dated September 22, 2004, the Supreme Court, in effect, denied the motions, reasoning that a justice of the Supreme Court was without jurisdiction to vacate a sua sponte order of another justice of coordinate jurisdiction, and that, under Judiciary Law § 21, a justice of the

Supreme Court also lacked the jurisdiction to decide a posttrial motion arising from a trial over which another justice presided.

We conclude, under the circumstances presented here, that "the perspective of the trial judge was not essential to the proper evaluation" of the plaintiff's posttrial motion which was not "argued orally in the court," and thus, Judiciary Law § 21 did not bar consideration and determination of that motion by another justice of the Supreme Court, Suffolk County (*see Gayle v Port Auth. of N.Y. & N.J.,* 6 AD3d 183, 183-184 [2004]).

The parties' remaining contentions are either without merit or academic, in light of the foregoing determination. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.