■ Susan Taylor, Respondent, v Louis A. Martorella et al., Appellants, et al., Defendant. [826 NYS2d 670]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants Louis A. Martorella and OBS-GYN of Rockland, P.C., appeal from a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated April 5, 2005, which, upon the denial of their motion pursuant to CPLR 4401, made at the close of the plaintiff's case, to dismiss the complaint insofar as asserted against them for failure to make a prima facie case, and upon a jury verdict finding them 100% at fault for the plaintiff's injuries, and upon awarding the plaintiff the principal sum of $1,310,000 for loss of earnings and past and future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly sustained neurological injuries after she lost a significant amount of blood during a postpartum hemorrhage and subsequent emergency hysterectomy on May 22, 1998. The plaintiff alleged that her injuries were the result of the failure of her obstetrician, the defendant Louis A. Martorella, to properly manage the postpartum hemorrhage.

The Supreme Court properly determined that the plaintiff's complaint was not time-barred. A medical malpractice action must be commenced within two years and six months of the complained of act, omission, or failure (see CPLR 214-a; Elkin v Goodman, 24 AD3d 717, 718 [2005]). The statute of limitations may be tolled until the end of treatment if the plaintiff establishes that the defendant provided continuous treatment, defined as "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (Borgia v City of New York, 12 NY2d 151, 155 [1962]; see Cooper v Kaplan, 78 NY2d 1103 [1991]; Glasby v Fogler, 303 AD2d 718, 719 [2003]; Klotz v Rabinowitz, 252 AD2d 542, 543 [1998]). Here, after her postpartum hemorrhage and hysterectomy, the plaintiff continued her treatment by Martorella at least through September 8, 1998, and likely through October 27, 1998, as evidenced by Martorella's records. The instant action was timely commenced on March 7, 2001 (see CPLR 214-a; Elkin v Goodman, supra).

Contrary to the defendants' contention, the verdict was neither based on legally insufficient evidence nor against the weight of the evidence. There was a "valid line of reasoning and

permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Abenante v Star Gas Corp.*, 13 AD3d 405 [2004]; *Parten v Cheryl Lynn Auto Parts*, 247 AD2d 523, 524 [1998]). Moreover, a jury verdict should not be set aside as against the weight of the evidence "unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " (*Nicastro v Park*, 113 AD2d 129 [1985], quoting *Delgado v Board of Educ. of Union Free School Dist. No. 1 of Towns of Greenburgh & Mt. Pleasant*, 65 AD2d 547 [1978], *affd* 48 NY2d 643 [1979]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the fact-finding function of the jury, as it was in the foremost position to assess witness credibility (*see Schray v Amerada Hess Corp.*, 297 AD2d 339 [2002]). Here, the jury could have concluded, based on a fair interpretation of the evidence, that Martorella was negligent and deviated from good and accepted medical practice, and that his negligence and deviation from good and accepted medical practice was the proximate cause of the plaintiff's permanent brain injury.

Furthermore, the amount of damages to be awarded for personal injuries is generally a question of fact for the jury (*see Mogil v Gorgone*, 225 AD2d 674 [1996]; *Rodriguez v City of New York*, 191 AD2d 420 [1993]). Here, there is no basis upon which to grant a new trial on damages, as the award did not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Vaval v NYRAC, Inc.*, 31 AD3d 438 [2006]; *Mogil v Gorgone, supra*). Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.