■ SHELLY KIM et al., Appellants, v BMW OF MANHATTAN, INC., et al., Respondents. [827 NYS2d 129]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 29, 2005, which, inter alia, upon defendants' motion, granted summary judgment dismissing plaintiffs' first through fourth, sixth, seventh and ninth causes of action, and denied, in part, plaintiffs' cross motion for partial summary judgment, unanimously modified, on the law, only to the extent of amending the second decretal paragraph to declare that plaintiffs are entitled, if they so choose, to receive an extended warranty on the subject automobile with a term of 72 months or 100,000 miles from June 11, 2004 upon payment by them of the sum of $1,069.96 to defendant BMW of Manhattan, Inc., and otherwise affirmed, without costs.

The motion court properly dismissed plaintiffs' Racketeer Influenced and Corrupt Organizations Act (RICO) claims (the first and second causes of action) since plaintiffs did not allege actual business or property injury (see Gotlin v Lederman, 367 F Supp 2d 349, 356-357 [ED NY 2005]). The alleged injuries, i.e., the temporary withholding of plaintiffs' vehicle and the temporary charge to plaintiffs' credit card, did not result in any actual expense to plaintiffs and, as such, were insufficient to support the RICO claims. The RICO claims were also untenable inasmuch as the evidence was insufficient to raise a triable issue as to whether defendants had engaged in an enterprise through a pattern of racketeering activity (see 18 USC § 1962).

Plaintiffs' sixth cause of action for false imprisonment was also properly dismissed in light of the absence of evidence sufficient to raise a triable issue as to whether defendants intended to confine plaintiff Chun (see Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). While defendants would not allow Chun to leave the garage with his car until he paid for an extended maintenance agreement, there is no evidence indicating that defendants would prevent Chun from leaving the ga-

rage if he chose not to take the car (*see Stauber v New York City Tr. Auth.*, 10 AD3d 280, 282 [2004]). In fact, Chun acknowledged in the verified amended complaint that he could have exited the car and left the garage.

Finally, although plaintiffs, in their inartfully drawn complaint, did not ask for specific performance, they did ask, inter alia, for "declaratory relief" and demanded judgment for, inter alia, "expectancy damages for the Service Agreement based on a term of 72 months from June 10, 2004" and "whatever other relief the Court deems just and equitable." Thus, although the motion court, in finding in plaintiffs' favor, concluded, and implicitly declared, that plaintiffs are entitled "to receive an extended warranty, with a term of 72 months or 100,000 miles from the time of the making thereof, at a cost of $1,069.96, if they so desire," the second decretal paragraph couches such relief in terms of specific performance rather than a declaration. We therefore modify accordingly to make such declaration.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ. [*See* 11 Misc 3d 1078(A), 2005 NY Slip Op 52293(U) (2005).]