■ SHARON CLARKE, Respondent, et al., Defendant, v ALFONSO LIMONE, Appellant. [835 NYS2d 381]—

In an action to recover damages for dental malpractice, etc., the defendant appeals from a judgment of the Supreme Court, Richmond County (Minardo, J.), dated November 2, 2005, which, upon, inter alia, the denial of his motion pursuant to CPLR 4401, made at the close of the plaintiffs' case and at the close of evidence, for judgment as a matter of law on so much of the complaint as was predicated on alleged acts of malpractice occurring on February 1, 1999 and upon a jury verdict, among other things, in favor of the plaintiff Sharon Clarke on the issue of liability and awarding the plaintiff Sharon Clarke damages in the principal sum of $300,000 for past pain and suffering, is in favor of that plaintiff and against him in the principal sum of $300,000.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff Sharon Clarke for past pain and suffering; as so modified, the judgment is affirmed, with costs payable to the appellant, and a new trial is granted on the issue of damages for the past pain and suffering of the plaintiff Sharon Clarke only, unless within 30 days after service upon the plaintiff Sharon Clarke of a copy of this decision and order, the plaintiff Sharon Clarke shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $300,000 to the principal sum of $125,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Sharon Clarke so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

To establish a prima facie case of dental malpractice, a plaintiff is required to show a deviation or departure from accepted dental practice, and that such departure was a proximate cause of his or her injury (see Williams v Sahay, 12 AD3d 366, 368 [2004]; Holton v Sprain Brook Manor Nursing Home, 253 AD2d 852 [1998]; Falotico v Frankel, 232 AD2d 607 [1996]). A plaintiff need only offer sufficient evidence from which a reasonable person may conclude that it was more probable than not that the injury was caused by the defendant (see Borawski v Huang, 34 AD3d 409 [2006]; Holton v Sprain Brook Manor Nursing Home, supra), and the evidence presented by the

plaintiff "need not eliminate every other possible cause" of the resulting injury (*Pasquale v Miller,* 194 AD2d 597, 598 [1993]; *see Vona v Wank,* 302 AD2d 516, 517 [2003]).

The jury determination that the defendant committed dental malpractice by completing the subject root canal on February 1, 1999 was supported by legally sufficient evidence, because there was a valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Taylor v Martorella,* 35 AD3d 722 [2006]). The defendant failed to preserve for appellate review his contention that there was legally insufficient evidence to support the jury's finding that he committed malpractice on February 2, 1999 (*see Miller v Miller,* 68 NY2d 871, 873 [1986]) and, in any event, that contention is without merit.

In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]). In reviewing the record to ascertain whether the verdict was based on a fair interpretation of the evidence, great deference must be given to the jury's assessment of the credibility of witnesses (*see Taylor v Martorella, supra*). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of the other (*see Vona v Wank, supra*). Contrary to the defendant's contentions, the verdict was supported by a fair interpretation of the evidence (*see Nicastro v Park, supra*).

However, the amount of damages awarded to the plaintiff Sharon Clarke for her past pain and suffering deviates materially from what would be reasonable compensation, and is, therefore, excessive to the extent indicated (*see* CPLR 5501 [c]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.