■ Eileen Steginsky, Appellant, v Arnold Gross et al., Respondents, et al., Defendant. [847 NYS2d 593]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Kelly, J.), entered December 6, 2005, as, upon a jury verdict, is in favor of the defendants Arnold Gross, Melvin Ganz, and Ganz & Grossman, D.D.S., P.C., and against her dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed

from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In a dental malpractice case, the plaintiff has the burden of establishing a departure from accepted dental practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Clarke v Limone*, 40 AD3d 571 [2007], *lv denied* 9 NY3d 809 [2007]; *Falotico v Frankel*, 232 AD2d 607 [1996]). Where conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and to reject that of the other (*see Clarke v Limone*, 40 AD3d 571 [2007]; *Vona v Wank*, 302 AD2d 516, 517 [2003]). The verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Clarke v Limone*, 40 AD3d 571 [2007]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]).

In the instant case, a fair interpretation of the evidence supports the jury's determination that the defendants' departure from the standard of care was not a substantial factor in causing the plaintiff's injuries. With respect to the defendant Dr. Arnold Gross, the jury was entitled to reject the opinion of the plaintiff's expert witness on the issue of causation and to accept the opinion of that defendant's expert witness, which had ample support in the record (*see Clarke v Limone*, 40 AD3d 571 [2007]; *Vona v Wank*, 302 AD2d 516, 517 [2003]). With respect to the defendants Dr. Melvin Ganz and Ganz & Grossman, D.D.S., P.C., the testimony of the plaintiff's expert witness did not establish a sufficient causal link between the alleged departures from the standard of care and the specific injuries suffered by the plaintiff (*see Pellew v Goldstein*, 279 AD2d 512 [2001]; *Falotico v Frankel*, 232 AD2d 607 [1996]). Accordingly, the verdict was not against the weight of the evidence.

The plaintiff's contention that the jury verdict was inconsistent is not preserved for appellate review, since she did not raise that issue before the jury was discharged (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Delacruz v Galaxy Elecs.*, 300 AD2d 278 [2002]). In any event, the issues are not so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see Parris v Perry*, 38 AD3d 738, 739 [2007]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.