■ JAMES BONASERA, Appellant, v TOWN OF ISLIP, Defendant and Third-Party Plaintiff-Respondent. JUAN MEDRANO et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [852 NYS2d 270]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), entered May 17, 2006, which, upon a jury verdict in favor of the defendant third-party plaintiff Town of Islip on the issue of liability, and upon an order of the same court dated January 18, 2006, denying that branch of the plaintiff's motion which was pursuant to CPLR 4404 to set aside the verdict on the issue of liability as against the weight of the evidence, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Upon our remittal to the Supreme Court, Suffolk County, to determine the plaintiff's motion, inter alia, pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability in favor of the defendant third-party plaintiff Town of Islip (see Bonasera v Town of Islip, 19 AD3d 525 [2005]), that court denied that branch of the plaintiff's motion which was to set as the jury verdict on the issue of liability and dismissed the complaint.

Contrary to the plaintiff's contentions, the jury verdict was supported by a fair interpretation of the evidence (see Harris v Marlow, 18 AD3d 608, 610 [2005]; Torres v Esaian, 5 AD3d 670, 671 [2004]; Nicastro v Park, 113 AD2d 129, 134 [1985]). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert opinion and reject the other (see Clarke v Limone, 40 AD3d 571, 572 [2007]; Vona v Wank, 302 AD2d 516 [2003]). The opinion of the Town's expert that the roadway in question was reasonably safe and that the accident was caused by driver error was based on a fair interpretation of the evidence, and thus, the jury may be presumed to have adopted it (see Harris v Marlow, 18 AD3d at 610; Torres v Esaian, 5 AD3d at 671).

Moreover, the Supreme Court properly based its determina-

tion on the original motion papers and exhibits and providently exercised its discretion in denying the plaintiff's request to augment his submissions with a copy of the entire trial transcript. We did not authorize expansion of the exhibits in support of the plaintiff's motion as submitted to the trial justice, upon remittal for a determination by another justice (*see Bonasera v Town of Islip,* 19 AD3d at 527). Nor did the plaintiff otherwise make a showing of good cause for his request to add a copy of the entire trial transcript as an exhibit in support of his motion (*see* CPLR 2214 [c]). Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.