■ CYNTHIA FRENCHMAN, Individually and as Executrix of GERALD FRENCHMAN, Deceased, Respondent, v WESTCHESTER MEDICAL CENTER et al., Appellants, et al., Defendants. [909 NYS2d 107]—In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Westchester Medical Center, Richard Moggio, and Ron Smith appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated April 9, 2008, as, after a jury trial, is in favor of the plaintiff and against them, (2) so much of an order of the same court entered December 22, 2008, as denied those branches of their motion which were pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law or, alternatively, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial or, alternatively, to set aside, as excessive, the verdict on the issue of damages and for a new trial on the issue of damages, and the defendants Westchester Medical Center, Westchester County Health Care Corporation, Richard Moggio, and Ron Smith appeal, as limited by their brief, (3) from so much of an amended judgment of the same court entered March 30, 2009, as, upon the order entered December 22, 2008, is in favor of the plaintiff and against them in the principal sums of $1,000,000 for past pain and suffering, $150,000 for past loss of services, $450,000 for past wrongful death damages, and $110,000 for future wrongful death damages.

Ordered that the appeals from the order and the judgment are dismissed; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]). The appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment.

For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it must determine that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion

reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, the jury verdict finding that the appellants departed from good and accepted standards of medical practice in their treatment of the decedent was supported by the testimony of the plaintiff's experts and, therefore, was not irrational. Further, the jury's findings were based on a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*see Lovett v Interfaith Med. Ctr.*, 52 AD3d 578, 580 [2008]; *Manuka v Crenshaw*, 43 AD3d 886, 887 [2007]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion, and reject that of another expert" (*Ross v Mandeville*, 45 AD3d 755, 757 [2007]; *see Steginsky v Gross*, 46 AD3d 671, 672 [2007]; *Lalanne v Nyack Hosp.*, 45 AD3d 645, 646 [2007]; *Clarke v Limone*, 40 AD3d 571, 572 [2007]; *Vona v Wank*, 302 AD2d 516, 517 [2003]).

The appellants' contention that the verdict was inconsistent is unpreserved for appellate review, since they concede that they did not raise it before the jury was discharged (*see Barry v Manglass*, 55 NY2d 803, 806 [1981]; *Steginsky v Gross*, 46 AD3d 671, 672 [2007]).

The award of damages did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

The appellants' remaining contention is without merit. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur.