■ GRIGORI SAMOUELIAN, Plaintiff, and INNA BOGACHINSKAYA, Appellant, v VARUJAN A. AMROAN et al., Respondents. [4 NYS3d 536]—

In an action to recover damages for personal injuries, the plaintiff Inna Bogachinskaya appeals from an order of the

Supreme Court, Kings County (Pfau, J.), dated January 10, 2014, which denied her motion pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence, a jury verdict in favor of the defendants and against her finding that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and for a new trial.

Ordered that the order is affirmed, with costs.

The appellant's contention that the jury verdict finding that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident was not based on legally sufficient evidence is unpreserved for appellate review, as the appellant did not raise that issue in the trial court (*see Volino v Long Is. R.R. Co.*, 83 AD3d 693 [2011]). In addition, contrary to the appellant's contention, the verdict was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big v Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Where, as here, conflicting expert testimony is presented, the jurors are entitled to accept one expert's opinion and reject that of another expert (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]). Based on the evidence adduced at trial, the verdict should not be disturbed. Balkin, J.P., Leventhal, Dickerson and Miller, JJ., concur.