■ Pyong Sun Yun, Appellant, v GEICO Insurance Company, Respondent. [43 NYS3d 117]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), entered February 11, 2014, which, upon a jury verdict finding that he did not sustain a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident, and upon the denial of his motion, in effect, pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On August 21, 2009, the plaintiff was involved in a motor vehicle collision at the intersection of Parsons Boulevard and Northern Boulevard in Nassau County. He commenced this action to recover damages for his injuries. The defendant conceded the issue of liability, and the matter proceeded to a trial on damages. At the trial, the plaintiff presented the testimony of his treating orthopedic surgeon, who testified that he performed arthroscopic surgery on the plaintiff's left shoulder less than three months after the accident. The plaintiff's orthopedic surgeon further testified that he examined the plaintiff's shoulder again in January 2013. He found that for elevation and abduction, the plaintiff's shoulder had a range

of motion limitation that was "minimal but perceptible," and for internal rotation, the shoulder's range of motion was "almost to normal, but not quite." The defendant presented the testimony of an orthopedic surgeon who examined the plaintiff's left shoulder in April of 2012, and found that its range of motion was "within normal limits."

The jury found that the plaintiff did not sustain a serious injury under either the significant limitation of use or the permanent consequential limitation of use categories of Insurance Law § 5102 (d). The plaintiff moved, in effect, pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, and the Supreme Court denied the motion. A judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint, and the plaintiff appeals.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Where . . . conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]).

Here, the jury's finding that the plaintiff did not sustain a serious injury to his left shoulder under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) was based on a fair interpretation of the evidence submitted at trial. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.