■ NICOLE E. MADTES, Appellant, v ALICIA SCHER, Respondent. [54 NYS3d 588]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Greco, J.), entered January 21, 2015, which, upon a jury verdict finding that she did not sustain a serious injury within the meaning of Insurance Law

§ 5102 (d) as a result of the subject accident, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries resulting from a motor vehicle accident in which a vehicle operated by the defendant struck a vehicle operated by the plaintiff. The plaintiff alleged that, as a result of the subject accident, she sustained a serious injury within the meaning of Insurance Law § 5102 (d) to the cervical and lumbar regions of her spine, as well as to her right shoulder, under the significant limitation of use and permanent consequential limitation of use categories. The defendant conceded that she was 100% at fault in the happening of the accident, and the action proceeded to a jury trial on the issue of damages only.

Contrary to the plaintiff's contention, the verdict in favor of the defendant, finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, under the significant limitation of use and permanent consequential limitation of use categories, was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Samouelian v Amroan*, 127 AD3d 723, 724 [2015]; *Nicastro v Park*, 113 AD2d 129 [1985]). Where, as here, conflicting expert testimony is presented, the jurors are entitled to accept one expert's opinion and reject that of another expert (*see Pyong Sun Yun v GEICO Ins. Co.*, 145 AD3d 694, 695 [2016]; *Samouelian v Amroan*, 127 AD3d at 724; *David v EZ Rate Rental Corp.*, 298 AD2d 353 [2002]). Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.