Hogan v Vandewater (2019 NY Slip Op 03483)





Hogan v Vandewater


2019 NY Slip Op 03483


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


216 CA 17-01446

[*1]MARK HOGAN AND ELIZABETH HOGAN, INDIVIDUALLY, AND AS PARENTS AND NATURAL GUARDIANS OF JACK A. HOGAN, AN INFANT, AND ITHACA G. HOGAN, AN INFANT, PLAINTIFFS-APPELLANTS,
v
DAVID VANDEWATER, DEFENDANT-RESPONDENT, FRANK P. ROSE AND GINA NICOLETTI, DEFENDANTS. (APPEAL NO. 1.) 






BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
MARK D. GORIS, CAZENOVIA, FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Lewis County (James P. McClusky, J.), entered May 5, 2017. The judgment, among other things, dismissed plaintiffs' complaint against defendant David Vandewater. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for, inter alia, false imprisonment. Plaintiffs and defendants own property on and around Hiawatha Lake in Lewis County. On the day of the incident, plaintiff Mark Hogan (Hogan) drove his two children down a private road to look at a camp that was for sale; the camp was approximately 3/4 of a mile from Hogan's property. Defendant Frank P. Rose, believing that Hogan was trespassing and wanting to have proof of same, parked his vehicle across the road, thus blocking Hogan's egress. Eventually, the police arrived and told Rose to move his vehicle, and Hogan and his children left in their vehicle. After a jury trial, the jury determined that plaintiffs were not confined and thus rendered a verdict in defendants' favor. In appeal Nos. 1, 3 and 4, plaintiffs appeal from three judgments that, inter alia, dismissed the complaint against the three respective defendants upon the jury verdict. We note at the outset that each of plaintiffs' contentions is directed at all three of those judgments.
We reject plaintiffs' contention that they are entitled to a new trial because the trial justice recused himself after the trial but before plaintiffs' posttrial motion was decided. The trial justice had to recuse himself because he had just learned that his wife was a second cousin to the wife of one of the defendants, and plaintiffs' posttrial motion was therefore assigned to a different justice. Judiciary Law § 21 did not prohibit the second justice from deciding the posttrial motion inasmuch as "the perspective of the trial judge was not essential to the proper evaluation of [plaintiffs'] contentions for posttrial relief" (Gayle v Port Auth. of N.Y. & N.J., 6 AD3d 183, 183-184 [1st Dept 2004]; see Bonasera v Town of Islip, 19 AD3d 525, 526-527 [2d Dept 2005]).
We also reject plaintiffs' contention that they should be granted judgment as a matter of law. "A court may set aside a jury verdict as not supported by legally sufficient evidence and enter judgment as a matter of law only where there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (Doolittle v Nixon Peabody LLP, 155 AD3d 1652, 1654 [4th Dept 2017], quoting Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; [*2]see CPLR 4404 [a]), and that cannot be said here.
Plaintiffs further contend that the verdict is against the weight of the evidence. A jury verdict should be set aside as against the weight of the evidence only if the evidence preponderated so heavily in favor of plaintiffs that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). A claim for false imprisonment may be made "against one who has unlawfully robbed the plaintiff of his or her freedom from restraint of movement' " (De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]). The plaintiff must establish "that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement, that the plaintiff did not consent to the confinement and that the confinement was not privileged" (id.; see Zegarelli-Pecheone v New Hartford Cent. Sch. Dist., 132 AD3d 1258, 1259 [4th Dept 2015]). Here, the only issue was whether Hogan and his children were, in fact, confined. We conclude that the verdict is not against the weight of the evidence inasmuch as the jury's conclusion that Hogan and his children were not confined is supported by a fair interpretation of the evidence. Although Hogan and his children could not leave the area using their vehicle, the testimony and the inferences from the testimony established that they could have walked back to their property (see Kim v BMW of Manhattan, Inc., 35 AD3d 315, 315-316 [1st Dept 2006]).
We reject plaintiffs' further contention that Supreme Court improperly instructed the jury on the issue of confinement. The court set forth the elements of a cause of action for false imprisonment and further instructed the jury that intentionally preventing a plaintiff from traveling by a certain method in and of itself was not confinement, and that it was not confinement where the plaintiff refused to utilize a means of egress available to him or her. We conclude that the court's "charge as a whole adequately conveyed the proper legal principles" (Schmidt v Buffalo Gen. Hosp., 278 AD2d 827, 828 [4th Dept 2000], lv denied 96 NY2d 710 [2001]; see generally Barrett v Watkins, 82 AD3d 1569, 1570-1571 [3d Dept 2011]; Kim, 35 AD3d at 315-316).
Plaintiffs also contend that the court erred in allowing testimony regarding alleged prior trespasses and other bad acts committed by Hogan with respect to his neighbors. We agree with the court that Hogan opened the door to that testimony by testifying that he had resolved all problems with his neighbors amicably and did not understand why defendants acted as they did that evening. The evidence was relevant to Hogan's credibility and also relevant to the mitigation of damages (see Broughton v State of New York, 37 NY2d 451, 459 [1975]; Hines v City of Buffalo, 79 AD2d 218, 224 [4th Dept 1981]). Plaintiffs' contention that the court erred in allowing defendant David Vandewater "to stand up away from the witness stand repeatedly" is not preserved for our review. Vandewater's counsel asked the court for permission for the witness to step down from the witness stand to point out areas on a map exhibit, and there was no objection by plaintiffs when the court granted that request. When plaintiffs' counsel asked that the witness be seated later on in his testimony, the record shows that the witness resumed the witness stand, and there was no further objection by plaintiffs. Plaintiffs' additional contention that the court erred in refusing to allow them to introduce in evidence a tape recorded conversation that would rebut Vandewater's testimony is without merit. Plaintiffs were improperly attempting to impeach the witness on a collateral matter using extrinsic evidence (see Badr v Hogan, 75 NY2d 629, 635 [1990]; Dunn v Garrett [appeal No. 2], 138 AD3d 1387, 1388 [4th Dept 2016]). We have considered plaintiffs' remaining contentions regarding alleged trial errors and conclude that they are without merit.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court