L.A. Wenger Contr. Co., Inc. v Wenger (2020 NY Slip Op 04736)





L.A. Wenger Contr. Co., Inc. v Wenger


2020 NY Slip Op 04736


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-06222
 (Index No. 29404/09)

[*1]L.A. Wenger Contracting Co., Inc., appellant,
v
Wendy Wenger, respondent.


Paul L. Dashefsky, Smithtown, NY, for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Joseph J. Cooke of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated April 14, 2017. The order granted the defendant's motion pursuant to CPLR 4404(b) to set aside a judgment of the same court (Andrew G. Tarantino, Jr., J.) dated November 22, 2016, made after a nonjury trial.
ORDERED that the order is affirmed, with costs.
In this mortgage foreclosure action, a nonjury trial resulted in a judgment in favor of the plaintiff and against the defendant. The defendant moved pursuant to CPLR 4404(b) to set aside the judgment before the judge who presided at the trial. The judge who presided at the trial retired and the motion pursuant to CPLR 4404(b) was assigned to a successor judge. In an order dated April 14, 2017, the successor judge granted the defendant's motion. The plaintiff appeals from the order, arguing that the successor judge lacked the authority to set aside the judgment.
CPLR 4405 requires that a motion pursuant to CPLR 4404 be made "before the judge who presided at the trial." Similarly, "[a] judge other than a judge of the court of appeals, or of the appellate division of the supreme court, shall not decide or take part in the decision of a question, which was argued orally in the court, when he [or she] was not present and sitting therein as a judge" (Judiciary Law § 21). "Neither provision is absolute" (David D. Siegel, Practice Commentaries, McKinney's Cons Law of NY, CPLR 4405). Under the circumstances of this case, the successor judge was not barred from consideration and determination of the defendant's motion pursuant to CPLR 4404(b) (see People v Hampton, 21 NY3d 277, 279; Bonasera v Town of Islip, 19 AD3d 525, 527; Gayle v Port Auth. of N.Y. & N.J., 6 AD3d 183, 183-184).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court